RE: COMPENSATION FOR THE PERFORMANCE OF NEWLY IMPOSED "NONGERMANE" DUTIES NOT VIOLATING THE CONSTITUTIONAL PROHIBITIONS AGAINST CHANGING OR INCREASING PUBLIC OFFICIAL'S COMPENSATION, SALARY OR EMOLUMENTS DURING HIS TERM OF OFFICE.
AS YOU WELL KNOW, THE PROVISIONS OF ARTICLE VI, SECTION 34, AND ARTICLE XXIII, SECTION 10, OF THE OKLAHOMA CONSTITUTION PROHIBIT A CHANGE IN THE SALARY OR EMOLUMENTS OF PUBLIC OFFICIALS DURING THE TERM FOR WHICH THEY WERE ELECTED, UNLESS DONE BY OPERATION OF LAWS ENACTED PRIOR TO THEIR ELECTION OR APPOINTMENT.
AS YOU ARE NO DOUBT ALSO AWARE, THE OKLAHOMA SUPREME COURT HAS LONG RECOGNIZED THAT COMPENSATION FOR THE PERFORMANCE OF NEWLY IMPOSED, NON-GERMANE DUTIES DOES NOT VIOLATE THESE CONSTITUTIONAL PROHIBITIONS. THE MOST RECENT CASE FULLY ILLUSTRATIVE OF THIS PRINCIPLE IS BREEDEN V. NIGH, 441 P.2D. 981 (OKL. 1968). IN THAT CASE, NEWLY ENACTED LEGISLATION REQUIRED, THEN LIEUTENANT GOVERNOR, GEORGE NIGH, TO FUNCTION AS CHAIRMAN OF THE OKLAHOMA INDUSTRIAL DEVELOPMENT AND PARK COMMISSION, AND PROVIDED THAT THE LIEUTENANT GOVERNOR BE PAID "COMPENSATION IN THE AMOUNT OF SIX THOUSAND DOLLARS ($6,000.00) ANNUALLY, PAYABLE MONTHLY, FOR THE SERVICES RENDERED AS CHAIRMAN, FROM MONIES APPROPRIATED TO THE COMMISSION."
WHEN THE COMMISSION DID NOT PAY THE COMPENSATION TO THE LIEUTENANT GOVERNOR, HE COMMENCED A MANDAMUS ACTION AGAINST THE COMMISSION AND ITS CHAIRMAN, ROBERT BREEDEN. THE TRIAL COURT RULED IN THE LIEUTENANT GOVERNOR'S FAVOR. ON APPEAL, THE OKLAHOMA SUPREME COURT AFFIRMED, FINDING THAT THE COMPENSATION FOR THE PERFORMANCE FOR HIS NEWLY IMPOSED "NON-GERMANE" DUTIES WHICH WERE "FOREIGN" TO HIS PREVIOUS DUTIES, DID NOT RUN AFOUL OF THE CONSTITUTIONAL PROHIBITIONS AGAINST CHANGES IN SALARY AND EMOLUMENTS DURING THE TERM OF OFFICE.
I HAVE, AT ASSISTANT INSURANCE COMMISSIONER COLLEEN BISHOP'S REQUEST, REVIEWED HER PROPOSED AMENDMENTS TO H.B. 1671. THOSE AMENDMENTS REQUIRE THE STATE INSURANCE COMMISSIONER TO FUNCTION AS CHAIRMAN OF THE REAL ESTATE APPRAISAL BOARD, AND PROVIDE FOR ADDITIONAL COMPENSATION FOR PERFORMING AS CHAIRMAN OF THAT BOARD.
ALTHOUGH THIS OFFICE WILL NOT ISSUE AN OFFICIAL ATTORNEY GENERAL'S OPINION REGARDING PROPOSED LEGISLATION, THE ATTORNEY GENERAL HAS ASKED ME TO EXPRESS MY PERSONAL LEGAL OPINION REGARDING THIS PROPOSAL. I BELIEVE THE SITUATION PRESENTED IN THE PROPOSED AMENDMENTS, AS THEY NOW STAND, TO BE ANALOGOUS TO THOSE PRESENTED IN BREEDEN V. NIGH. ACCORDINGLY, I CONCLUDE THAT THE PROPOSED AMENDMENTS WOULD NOT VIOLATE THE CONSTITUTIONAL PROHIBITIONS AGAINST CHANGING OR INCREASING A PUBLIC OFFICIAL'S COMPENSATION, SALARY OR EMOLUMENTS DURING HIS TERM OF OFFICE.
(NEAL LEADER)